No. 820

MITCHELL v. DAYTON (City)

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 788. Decided July 30, 1927.

209. CARRYING CONCEALED WEAPONS—Evidence that accused held gun in hand held behind him, sufficient to warrant conviction.

Error to Police Court.
Affirmed by Common Pleas.

Error to Common Pleas.
Judgment affirmed.

A. W. Shulman, Dayton, for Mitchell.

Lon Volz, City Prosecutor, Dayton, for City.

BY THE COURT.

James Mitchell was convicted, in the Police Court, of violating a city ordinance relating to the carrying of concealed weapons. He was fined $50 and costs. Error was prosecuted to the Court of Common Pleas, where the judgment of the Police Court was affirmed. The plaintiff in error now prosecutes error to this court.

The pertinent facts in this case are as follows:

"Q. Tell the Court the circumstances, what you did and saw prior to the arrest.

"A. Sent on a call about 9:15 that there was some shooting going on near the Stock Yards, that four shots had been fired. On arriving found James Mitchell near the end of Pruden Street coming along the fence. Stopped to question him and noticed that he had one hand behind him. Reached for his hand, found this gun with two loaded bullets in it and gave evidence of having been fired twice very recently.

"Q. Where was the gun concealed?

"A. Behind him out of sight.

"Q. Where was he holding it?

"A. In his hand. He was holding it behind him so that it could not be seen. * * *."

We think the facts, as disclosed by the record, show a concealment of the revolver in question as effectively as it would had such revolver been concealed in the clothing of plaintiff in error, instead of in his hand which was held behind his back in a position that the revolver could not be seen except by drawing the hand in front of him. We think the conduct of plaintiff in error constituted a concealment of the revolver and therefore brought him within the provisions of the ordinance.

We find no prejudicial error in the rulings of the lower court and the judgment will be affirmed.

(Ferneding, Kunkle and Allread, JJ., concur.)

THE ABSTRACT IS

like a newspaper, that needs to be read on every subject, unless you are a specialist.